**CASE NO. 10-1283**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

---

SOLOMON BEN-TOV COHEN,

      Plaintiff – Appellant,

v.

REPRESENTATIVE HENRY WAXMAN,
United States Congress; U.S. CAPITOL POLICE;
FRED BUSCH, Agent, U.S. Capitol Police,

Defendants – Appellees.

---

On Appeal from the United States District Court
for the District of Colorado
The Honorable Lewis T. Babcock
United States Court Senior Judge
(No. 1:08-cv-2188-LTB-CBS)

---

**APPELLEES' ANSWER BRIEF**

---

        IRVIN B. NATHAN, General Counsel
        KERRY W. KIRCHER, Deputy General Counsel
        CHRISTINE DAVENPORT, Assistant Counsel
        JOHN D. FILAMOR, Assistant Counsel
        KATHERINE E. McCARRON, Assistant Counsel
        ARIEL B. WALDMAN, Assistant Counsel

        Office of General Counsel
        U.S. House of Representatives
        219 Cannon House Office Building
        Washington, D.C. 20515-6601

(202) 225-9700
Katherine.McCarron@mail.house.gov

Counsel for Defendant/Appellee U.S.
Representative Henry A. Waxman

JOHN F. WALSH
United States Attorney

MICHAEL C. JOHNSON, Assistant United States
Attorney, Colorado Bar # 39967
Office of the United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
(303) 454-0100 telephone
Michael.Johnson2@usdoj.gov

Counsel for Defendants/Appellees U.S. Capitol
Police and Fred Busch

**Oral argument is not requested**
**Scanned PDF format attachments are included.**

October 4, 2010

ii

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRIOR OR RELATED CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      I.     Mr. Cohen Waived His Right to Appeal by Failing to File
            Timely Objections to Either Report and Recommendation  .  11

      II.    The District Court's Denial of Mr. Cohen's Change of Venue
            Motion Was Not Plain Error Nor Was It An Abuse of
            Discretion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF DIGITAL SUBMISSION . . . . . . . . . . . . . . . . . . . . . . . . 21

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

i

# TABLE OF AUTHORITIES

<u>**Cases:**</u>

*Ballsteros v. Ashcroft*,
> 452 F.3d 1153 (10th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13, 19

*Biven v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,
> 403 U.S. 388 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

*Chrysler Credit Corp. v. County Chrysler, Inc.*,
> 928 F.2d 1509 (10th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Cohen v. Anderson,*
> No. 10-1059 (D. Colo. May 7, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Cohen v. Busch*,
> No. 08-02188 (D. Colo. Oct. 9, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . 7, 14

*Cohen v. Clemens*,
> No. 08-1991 (D. Colo. Sept. 16, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Cohen v. Davis*,
> No. 08-2089 (D. Colo. Sept. 29, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Cohen v. Delon*g,
> No. 09-0844 (D. Colo. Apr. 13, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Cohen v. Denver County Jail*,
> No. 08-0978 (D. Colo. May 12, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Cohen v. Hodges*,
> No. 08-2806 (D. Colo. Dec. 29, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . 14-15

*Cohen v. Kai*,
> No. 10-0889 (D. Colo. Apr. 21, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Cohen v. Kraus,*

No. 10-1362 (D. Colo. June 11, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Cohen v. Longshore*,
No. 09-1169 (D. Colo. May 22, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Cohen v. Lovingier*,
No. 10-1312 (D. Colo. June 8, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Cohen v. Mukasey*,
No. 08-01844 (D. Colo. Aug. 28, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . 3, 15

*Cohen v. No Defendants Named*,
No. 09-2710 (D. Colo. Nov. 18, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Cohen v. Pauley,*
No. 09-1112 (D. Colo. May. 14, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Cohen v. Vandello,*
No. 09-0736 (D. Colo. Apr. 2, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Cohen v. Zaki,*
No. 09-2966 (D. Colo. Dec. 21, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Cohen v. Waxman*,
No. 09-1510 (10th Cir. Nov. 16, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Corr. Servs. Corp. v. Malesko*,
534 U.S. 61 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Davidson v. United States*,
149 F.3d 1190 (10th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*First W. Gov't Sec., Inc. v. United States*,
578 F. Supp. 212 (D. Colo. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hall v. Bellmon*,
935 F.2d 1106 (10th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Moore v. United States*,

950 F.2d 656 (10th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Morales-Fernandez v. INS*,
    418 F.3d 1116 (10th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . 7, 10, 11, 12

*Nasious v. Robinson*,
    2010 WL 3773282 (10th Cir. Sept. 29, 2010)  . . . . . . . . . . . . . . . . . . . 1, 13

*Pell v. Azar Nut Co., Inc.*,
    711 F.2d 949 (10th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Shaffer v. Clinton*,
    54 F. Supp. 2d 1014 (D. Colo. 1999)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Singleton v. Wulff*,
    428 U.S. 106 (1976)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Trujillo v. Williams*,
    465 F.3d 1210 (10th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . 10, 13, 16, 19

*United States v. Cohen*,
    10-0091 (D. Colo. Feb. 10, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 15

*United States v. One Parcel of Real Prop.*,
    73 F.3d 1057 (10th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Vega v. Suthers*,
    195 F.3d 573 (10th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Walker v. Mather*,
    959 F.2d 894 (10th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## Constitution and Statutes:

U.S. CONST. amend. I, IV, V, VI, VIII, IX, XIV. . . . . . . . . . . . . . . . . . . . . . . . 2

8 U.S.C. § 1253 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1915 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Other Authorities:**

D.C. Code § 12-301 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

D.C. Colo. L.Civ.R. 7.1C . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 17

## PRIOR OR RELATED APPEALS

Pursuant to Tenth Circuit Rule 28.2(C)(1), counsel for Defendants/Appellees states that there is no pending appeal in this Court that may be related to the instant appeal.  There are, however, two prior appeals in this Court that may be related to the instant appeal.

Those appeals are:

*Cohen v. Waxman*, No. 09-1510 (10th Cir.)

(dismissed for lack of appellate jurisdiction Feb. 10, 2010).

*Cohen v. Busch*, No. 10-1076 (10th Cir.)

(dismissed for lack of appellate jurisdiction Apr. 19, 2010).

The U.S. House of Representatives Office of General Counsel, by undersigned counsel, on behalf of Defendant/Appellee U.S. Representative Henry A. Waxman, and the United States Attorney's Office for the District of Colorado, by undersigned counsel, on behalf of Defendants/Appellees the U.S. Capitol Police and former Special Agent Fred Busch, for their joint Appellee Brief state:

## STATEMENT OF JURISDICTION

The orders appealed from were entered October 21, 2009, and June 23, 2010.  Doc. 67; Doc. 126.  The Notice of Appeal was timely filed July 6, 2010. Doc. 127.  The district court had subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.  Pursuant to the "firm waiver" rule, however, this Court lacks appellate jurisdiction to consider the issues raised on appeal, due to Plaintiff/Appellant's failure to object to the U.S. Magistrate Judge's Reports and Recommendations. *See Nasious v. Robinson*, 2010 WL 3773282 (10th Cir. Sept. 29, 2010).

## STATEMENT OF THE ISSUES

1. Did Plaintiff/Appellant waive his right to appellate review by failing to file objections to the magistrate's Reports and Recommendations (R&Rs) of September 21, 2009 and May 10, 2010, which formed the basis for the district court's orders of October 21, 2009 and June 23, 2010, respectively?

2.      Did the district court abuse its discretion in denying

Plaintiff/Appellant's motion to change venue to the U.S. District Court

for the District of Columbia?

**STATEMENT OF THE CASE**

Plaintiff/Appellant Solomon Cohen brought this action, pursuant to *Bivens v.*

*Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), to

seek money damages from U.S. Representative Henry A. Waxman, the U.S.

Capitol Police, and former U.S. Capitol Police Special Agent Fred Busch for

alleged constitutional and statutory violations, which allegedly occurred during Mr.

Cohen's arrest in November 2003.[1]

This appeal concerns two orders of the U.S. District Court for the District of

Colorado, and two R&Rs issued by the magistrate upon which the district court

relied.  First, on October 21, 2009, the district court dismissed the amended

complaint against Congressman Waxman on personal jurisdictional grounds, and

the claims against the U.S. Capitol Police on the ground that a *Bivens* action may

not be asserted against an agency.  Doc. 60; Doc. 67.  The court dismissed

---

[1]      In his Amended complaint, Mr. Cohen alleged violations of the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments, as well as 42 U.S.C. § 1983.  Doc. 12.

2

Congressman Waxman and the Capitol Police from the action without prejudice to Mr. Cohen refiling his claims in another venue. Doc. 67. This order left Mr. Busch as the only remaining defendant in the case. Second, on June 23, 2010, the district court dismissed Mr. Cohen's claims against Mr. Busch on personal jurisdiction grounds. Doc. 119; Doc. 126. The court also denied Mr. Cohen's motion to change venue to Washington, D.C. as to Mr. Busch, who was the only remaining defendant at the time the motion was filed. *Id*.

## STATEMENT OF FACTS

According to the amended complaint, on November 25, 2003, Mr. Cohen, a citizen of the United Kingdom, came to Congressman Waxman's Washington, D.C. congressional office, intending to complain about his treatment at the hands of local officials in West Hollywood, California, and to hand-deliver a letter asking for the Congressman's support in becoming a U.S. citizen. Doc. 12; Doc. 60 at 3. It was determined that Mr. Cohen had an outstanding warrant for his arrest and four previous arrests from 2000 to 2003. *See Cohen v. Mukasey*, No. 08-1844, slip op., at 2-3 (D. Colo. April 13, 2009). Mr. Cohen was arrested by U.S. Capitol Police Special Agent Fred Busch and charged with making threats against a Congressman. *Id*. Those charges were later dropped. *Id*. at 3.[2] Five years later,

---

[2] After the Capitol Police arrested Mr. Cohen, he was transferred to the custody of the U.S. Immigration and Customs Enforcement ("ICE") and detained

on October 9, 2008, Mr. Cohen filed a damage suit in the U.S. District Court for the District of Colorado alleging the November 2003 arrest violated his constitutional and statutory rights.  Doc. 3.

### *Course of Proceedings Below*

Plaintiff/Appellant Solomon Cohen filed suit on October 9, 2008 against "U.S. Capitol Police Special Agent John Doe," Doc. 3, and amended his complaint on February 17, 2009 to name Mr. Busch, and to add Congressman Waxman and the Capitol Police as defendants.  Doc 12.  On April 21, 2009, the Capitol Police moved to dismiss for failure to state a claim, Doc. 20, and on May 4, 2009, Congressman Waxman moved to dismiss on a variety of grounds, including lack of personal jurisdiction.  Doc. 24.

On September 21, 2009, the magistrate judge recommended that the district court dismiss the amended complaint against Congressman Waxman for lack of personal jurisdiction.  *See* Doc. 60 at 9, 13.  The magistrate judge also recommended that the claims against Capitol Police be dismissed for failure to state a claim because a *Bivens* damages claim may not be asserted against a federal

---

in Virginia.  ICE issued an order of removal.  *See Cohen v. Mukasey*, No. 08-1844, slip op., at 2-3 (D. Colo. April 13, 2009).  Mr. Cohen was detained by ICE from November 26, 2003 to March 30, 2004, when he was released on bond.  *See id*. at 3.  On June 1, 2008, Mr. Cohen was again detained by ICE, this time in Colorado. *Id*. at 3.  ICE determined that Mr. Cohen had been arrested three more times since 2004.  *Id*. at 4.

agency.  *See* Doc. 60 at 14.[3]

The September 21, 2009 R&R clearly stated that all objections must be filed within ten days and that failure to make timely objections "will result in waiver of the right to appeal."  *See* Doc. 60 at 15.  Mr. Cohen did not file any timely objections, and the district court, on October 21, 2009, accepted the magistrate's recommendations.  *See* Doc. 67.  Subsequently, Mr. Cohen belatedly filed objections to the magistrate's September 21 R&R, Doc. 71 (Oct. 27, 2009), objections the district court struck as untimely.  *See* Doc. 77.[4]  As a result of the October 21, 2009 Order, Congressman Waxman and the Capitol Police were dismissed from the civil action.

The sole remaining defendant, Mr. Busch, moved to dismiss the claims

---

[3]

In his Opposition to Congressman Waxman's Motion to Dismiss, Mr. Cohen had requested a change of venue to Washington, D.C. if he should lose on the personal jurisdiction argument.  Doc. 56 at 2.  The magistrate refused to entertain this request due to Mr. Cohen's failure to comply with local rules.  Doc. 60 at 12 (citing D.C. Colo. LCivR 7.1 C, which states: "A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper.").  In its discretion, the magistrate also found that a change of venue would not be in the interest of justice.  Doc. 60 at 12-13.

[4]

While the claims against Mr. Busch were still pending, Mr. Cohen attempted to file an interlocutory appeal with respect to the district court's October 21 order.  *See Cohen v. Waxman*, No. 09-1510 (10th Cir. Nov. 10, 2009).  On January 29, 2010, this Court dismissed that appeal for lack of appellate jurisdiction.  *See* Order, *Cohen v. Waxman*, No. 09-1510 (10th Cir. Jan. 29, 2010).

asserted against him for lack of personal jurisdiction, Doc. 61.[5]  On December 21,

2009, Mr. Cohen moved for a change of venue to Washington, D.C. with respect to

his claim against Mr. Busch.  Doc. 85.

On May 10, 2010, the magistrate judge recommended that the district court

grant Mr. Busch's motion to dismiss for lack of personal jurisdiction and deny Mr.

Cohen's motion for a change of venue.  Doc. 119 at 23-24.  The May 10 R&R, like

the earlier R&R, clearly stated that all objections must be filed within ten days and

failure to make timely objections "will result in a waiver of the right to appeal."

*Id*. at 29.  Mr. Cohen requested a 30-day extension to file his objections, *see* Doc.

123, which was granted up to and including June 21, 2010.  *See* Doc. 124.  Despite

having been granted an extension, Mr. Cohen failed to file any objections.

On June 23, 2010, the district court accepted the magistrate's

recommendations, granted Mr. Busch's motion to dismiss for lack of personal

jurisdiction, and denied Mr. Cohen's motion to change venue.  Doc. 126.  Mr.

Cohen filed a notice of appeal on July 6, 2010.  Doc. 127.

The district court found that neither Congressman Waxman (of California)

nor Mr. Busch (of Massachusetts) had minimum contacts with Colorado; thus, the

court lacked personal jurisdiction.  Doc. 60 at 10 (citing *Shaffer v. Clinton*, 54 F.

---

[5]   Mr. Cohen had not perfected service on Mr. Busch in Massachusetts until
July 21, 2009.  Doc. 54.

Supp. 2d 1014, 1020-21 (D. Colo. 1999); *First W. Gov't Sec., Inc. v. United States*, 578 F. Supp. 212, 215 (D. Colo. 1984)).  The court dismissed the amended complaint against the U.S. Capitol Police because a damages claim under *Bivens* cannot be state against a federal agency.  Doc. 60 at 13-14 (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001)).  And, finally, the court denied Mr. Cohen's motion for a change of venue because a transfer is not in the interests of justice.  *Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005).

The district court has determined that this appeal is not taken in good faith because Mr. Cohen "has not shown the existence of a reasoned, non-frivolous argument on the law and facts in support of the issued raised on appeal."  Order, *Cohen v. Busch*, 08-2188 (D. Colo. Aug. 9, 2010) (denying motion to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915).[6]

Subsequently, this Court directed Mr. Cohen to show cause why his appeal should not be summarily dismissed for failure to file objections to the magistrate judge's two R&Rs.  *See* Order, *Cohen v. Waxman*, No. 10-1283 (10th Cir. July 8, 2010).  In light of Mr. Cohen's August 3, 2010 Reply, this Court reserved

---

[6]    Mr. Cohen is currently an inmate at the Englewood Federal Correctional Institution, awaiting trial on five counts of willfully failing and refusing to make a timely, good faith application for documents necessary for his departure from the United States, in violation of 8 U.S.C. § 1253(a)(1)(B).  *See United States v. Cohen*, 10-0091 (D. Colo).

judgment on the waiver issue.  *See* Order, *Cohen v. Waxman*, No. 10-1283 (10th Cir. Aug. 4, 2010).

Mr. Cohen's *pro se* appellate brief, construed liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), appears to raise two issues:  (i) whether his failure to timely file objections to the magistrate judge's two R&Rs should be excused in the "interest of justice," *see* Appellant/Petitioner's Opening Brief at 4 (10th Cir. Sept. 8, 2010), and (ii) whether the district court abused its discretion in denying Mr. Cohen's motion to transfer venue to Washington, D.C., *id*. at 3.  Mr. Cohen does not appeal the district court's rulings dismissing the claims against Congressman Waxman or Mr. Busch for lack of personal jurisdiction nor does he appeal the district court's dismissal of the claims against the Capitol Police for failure to state a claim.[7]

---

[7]     Mr. Cohen also raises several issues that are not properly presented on appeal.  *See, e.g.,* Opening Brief at 3-4 (contending that Fourth Amendment claim is still valid; questioning whether a new action would be time-barred by the D.C. statute of limitations; and arguing that his "false arrest" violates the First Amendment).  These arguments have not been passed on by the district court.  It is "the general rule . . . that a federal appellate court does not consider an issue not passed upon below."  *Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *see also Pell v. Azar Nut Co.,* 711 F.2d 949, 950-51 (10th Cir. 1983); *Walker v. Mather*, 959 F.2d 894, 896 (10th Cir. 1992); *Davidson v. United States*, 149 F.3d 1190 (Table), 1998 WL 339541, at *3 (10th Cir. June 9, 1998) (where district court dismissed on threshold jurisdictional grounds, never reaching the merits, court of appeals "need not consider" issues that go to the merits of appellant's claim).  There is no basis for the Court to depart from that rule here.

## SUMMARY OF ARGUMENT

The district court's judgment must be affirmed on two independent grounds. First, Mr. Cohen has waived his right to appellate review of any of the district court's rulings because he failed to file timely objections to the magistrate's R&Rs, despite having been advised by the magistrate judge that failure to object would waive appellate review and despite having been granted an extension of time in which to file. This case presents no reason to depart from the general rule of "firm waiver" because Mr. Cohen received copies of the R&Rs and was apprised of the consequences of failing to file objections. Moreover, the interests of justice do not support an exception to the firm waiver rule in this case because the district court did not plainly err when it denied Mr. Cohen's motion for a change of venue.

Second, there is a further and independent ground upon which to affirm the district court's decision to deny Mr. Cohen's motion to change venue to Washington, D.C. The district court did not abuse its discretion when it denied Mr. Cohen's motion for a change of venue because the court offered a detailed analysis of the facts of this case and reasonably concluded it would not be in the interests of justice to change venue.

## STANDARD OF REVIEW

9

This Circuit has adopted a "firm waiver" rule for failure to object to a magistrate's report and recommendation, which may only be excused if the magistrate failed to apprise the litigant of the consequences of failing to file timely objections or if the "interests of justice" require review. *See Morales-Fernandez*, 418 F.3d at 1122 (finding the "interests of justice" review is similar to reviewing for plain error); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Court must affirm the district court's denial of Mr. Cohen's change of venue motion so long as the denial was not an abuse of discretion. *Ballesteros v. Ashcroft*, 452 F.3d 1153, 1160 (10th Cir. 2006); *Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006).

**ARGUMENT**

**I.    Mr. Cohen Waived His Right to Appeal by Failing to File Timely Objections to Either R&R.**

Under the well-established "firm waiver" in this Circuit, a litigant's failure to file timely objections to a magistrate's R&R waives appellate review of both the factual and legal determinations. *See Vega v. Suthers*, 195 F.3d 573, 579 (10th Cir. 1999) (citing *United States v. One Parcel of Real Prop.,* 73 F.3d 1057, 1059 (10th Cir.1996)). This Court has excused the failure to file timely objections only when the magistrate's R&R fails to apprise the *pro se* litigant of the consequences of a failure to object to findings and recommendations, *Moore*, 950 F.2d at 659, or when the "interests of justice" require review, *Morales-Fernandez*, 418 F.3d at 1119.[8]

Mr. Cohen concedes that he did not file objections to either R&R; however, he contends that this Court's firm waiver rule should not apply in the interest of

---

[8]    According to *Morales-Fernandez*, this Court's "'interest of justice' standard for determining whether [it] should excuse a defendant's failure to object to a magistrate judge's recommendation includes plain error." *Id*. at 1122. And "plain error" occurs when there is "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 1122-23. None of these circumstances are present here.

justice because he is incarcerated and *pro se*.  *See* Reply, *Cohen v. Waxman*, No. 10-1283 (10th Cir. Aug. 3, 2010) (citing *Morales-Fernandez*, 418 F.3d 1116).  Mr. Cohen argues he was prevented from filing objections to the first R&R because, among other things: he was moved from one facility to another; the balance in his inmate account fell to zero and the mail clerk refused to send legal mail; the Bureau of Prisons denied him his prescription medication for ADHD; there was an outbreak of flu and the law library was quarantined; and he was denied access to the law library.  *Id*. at 2.  Mr. Cohen proffers no explanation for his failure to file objections to the May 10 R&R, which contained the detailed analysis denying his motion to change venue, even after the court granted his request to extend his time to do so.

The Court should not excuse Mr. Cohen's failure to file objections under either of the exceptions to the "firm waiver" rule.  The first exception clearly does not apply here since Mr. Cohen has never claimed that he failed to receive copies of the two R&Rs, both of which clearly apprised Mr. Cohen that he had ten days in which to serve and file written objections and that a "[f]ailure to make timely objections may bar *de novo* review . . . and will result in a waiver of the right to appeal."  Doc. 60 at 15; Doc. 119 at 29.

Moreover, the "interests of justice" exception to the "firm waiver" rule also

12

does not apply here because the district court did not err in denying Mr. Cohen's motion to change venue, as we now show.  *See also Nasious*, 2010 WL 3773282.

**II.    The District Court's Denial of Mr. Cohen's Change of Venue Motion Was Not Plain Error Nor Was It An Abuse of Discretion.**

Mr. Cohen contends that the district court should have exercised its discretion to grant his motion to change venue to Washington, D.C. in order to correct the personal jurisdiction defect of his amendment complaint and to allow him to circumvent the D.C. one-year statute of limitations bar.  *See* Opening Brief at 3, 4.  This Court must affirm the district court's denial of Mr. Cohen's change of venue motion so long as the denial was not an abuse of discretion.  *Ballesteros v. Ashcroft*, 452 F.3d 1153, 1160 (10th Cir. 2006); *Trujillo*, 465 F.3d at 1223.  In this case, the denial was clearly not an abuse of discretion.  Moreover, for the reasons discussed below, it was not plain error.

After the district court dismissed Congressman Waxman from the suit for lack of personal jurisdiction, Mr. Cohen moved for a change of venue to Washington, D.C., contending that if the case were not transferred, a newly filed action would be time-barred.  Doc. 85 at 2.  Because the alleged injury occurred in Washington, D.C., the D.C. one-year statute of limitations for claims of false arrest/false imprisonment applies.  *See* D.C. Code § 12-301(4).  The magistrate

13

considered Mr. Cohen's claim that his mental disability tolled the statute of

limitations until he was restored to competency in March 2008, but found the

record was inadequate to support that claim at this stage of the litigation.  Doc. 119

at 12.  The magistrate found that federal law determines when a plaintiff's federal

*Bivens* claims accrued, because under federal law, the statute of limitations on a

*Bivens* claim begins to run when the plaintiff knows or has reason to know of the

existence and cause of the injury which is the basis of his action.  Doc. 119 at 9

(citing *Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004)).  Therefore, the

federal district court in Colorado can more readily and conveniently decide if the

case is time barred than a federal court in the District of Columbia because all of

the facts and circumstances regarding Mr. Cohen's alleged disability and purported

restoration of competency occurred in Colorado.  Mr. Cohen conceded that he filed

this suit—like the many others he has filed[9]—in the District of Colorado, because

---

[9] *See Cohen v. Anderson*, No. 10-1059 (Complaint filed: D. Colo. May 7, 2010) (Prisoner Civil Rights suit dismissed for failure to pay initial partial filing fee; closed Aug. 20, 2010); *Cohen v. Busch*, No. 08-2188 (Complaint filed: D. Colo. Oct. 9, 2008) (*Bivens* suit dismissed for lack of personal jurisdiction and failure to state a claim; closed July 8, 2010); *Cohen v. Clemens*, No. 08-1991 (Complaint filed: D. Colo. Sept. 16, 2008) (*Bivens* suit dismissed for failure to state a claim; closed Oct. 1, 2008); *Cohen v. Davis*, No. 08-2089 (Complaint filed: D. Colo. Sept. 29, 2008) (*Bivens* suit voluntarily dismissed; closed Sept. 29, 2008); *Cohen v. Delong*, No. 09-0844 (Complaint filed: D. Colo. Apr. 13, 2009) (*Bivens* suit dismissed as frivolous; closed May 4, 2009); *Cohen v. Denver County Jail*, No. 08-0978 (Complaint filed: D. Colo. May 12, 2008) (Prisoner Civil Rights suit dismissed for failure to pay initial partial filing fee; closed July 17, 2008); *Cohen v.*

that is where he resides, and if he had to file now in the District of Columbia, he

would be barred by the statute of limitations. After considering these arguments,

the magistrate recommended that the court deny Mr. Cohen's motion for a change

of venue because a transfer would not be in the "interest of justice." Doc. 119 at

24. The district court conducted *de novo* review and "in light of the file and the

record," which included the magistrate's detailed analysis, denied Mr. Cohen's

---

*Hodges*, No. 08-2806 (Complaint filed: D. Colo. Dec. 29, 2008) (Prisoner Civil Rights suit dismissed for failure to comply with Fed. R. Civ. P. 8; closed Feb. 13, 2009); *Cohen v. Kai*, No. 10-0889 (Complaint filed: D. Colo. Apr. 21, 2010) (Prisoner Civil Rights suit dismissed for failure to pay initial partial filing fee; closed Aug. 20, 2010); *Cohen v. Kraus*, No. 10-1362 (Complaint filed: D. Colo. June 11, 2010) (Prisoner Civil Rights suit dismissed for failure to pay initial partial filing fee; closed Aug. 18, 2010); *Cohen v. Longshore*, No. 09-1169 (Complaint filed: D. Colo. May 22, 2009) (*Bivens* suit dismissed for failure to cure deficiency within deadline and failure to state a claim; closed Dec. 16, 2009); *Cohen v. Lovingier*, No. 10-1312 (Complaint filed: D. Colo. June 8, 2010) (Prisoner Civil Rights suit dismissed for failure to pay initial partial filing fee; closed Aug. 18, 2010); *Cohen v. Mukasey*, No. 08-1844 (Petition filed: D. Colo. Aug. 28, 2008) (Writ of Habeas Corpus dismissed for lack of jurisdiction and failure to state a claim; closed June 24, 2009); *Cohen v. No Defendants Named*, No. 09-2710 (Complaint filed: D. Colo. Nov. 18, 2009) (Prisoners Civil Rights suit dismissed for failure to cure deficiencies; closed Jan. 11, 2010); *Cohen v. Pauley*, No. 09-1112 (Complaint filed: D. Colo. May 14, 2009) (*Bivens* suit dismissed as frivolous; closed June 18, 2009); *Cohen v. Vandello*, No. 09-0736 (Complaint filed: D. Colo. Apr. 2, 2009) (*Bivens* suit dismissed for failure to cure deficiencies; closed June 22, 2009); *Cohen v. Zaki*, No. 09-2966 (Complaint filed: D. Colo. Dec. 21, 2009) (*Bivens* suit dismissed for failure to state a claim; closed July 2, 2010). *See also United States v. Cohen*, No. 10-0091 (Indictment entered: D. Colo. Feb. 10, 2010) (criminal prosecution brought for refusal to apply for deportation documents; matter pending).

15

change of venue motion.  Doc. 126.

The district court's denial of the change of venue motion was not plain error and in any event was a reasoned decision that without question was not an abuse of discretion.  A district court abuses its discretion when it "makes a decision without providing reasons."  *Trujillo*,465 F.3d at 1223.  To the contrary, in recommending denial of the motion, the magistrate identified a number of factors from this Court's *Chrysler Credit Corp.* decision to be applied to the specific facts of this case, including:

> The plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

Doc. 119 at 23 (citing *Chrysler Credit Corp. v. Country Chrysler, Inc*. 928 F.2d 1509, 1515 (10th Cir. 1991)).  The district court was well within its discretion to rely on this analytic framework.

As discussed, *supra* at footnote 3, the magistrate refused to entertain Mr. Cohen's initial request to change venue because the request was contained in his Opposition to Congressman Waxman's motion to dismiss, not in a separate

16

motion, and without any supporting arguments.  Doc. 60 at 12.  The magistrate

concluded that Mr. Cohen violated the local rules by making this request in his

Opposition, and in any event, the interest of justice did not support the proposed

change of venue.  Doc. 60 at 12-13.  Mr. Cohen does not contend that the court

plainly erred in so ruling, nor could he.  *See* D.C. Colo. LCivR 7.1 C ("A motion

shall not be included in a response or reply to the original motion. A motion shall

be made in a separate paper.").

The district court denied Mr. Cohen's motion to change venue – which was

filed at a time when Mr. Busch was the only remaining defendant – on the ground

that a change of venue was not justified in the interest of justice.  Doc. 126.  In so

holding, the district court reviewed *de novo* the magistrate judge's detailed analysis

of the issue.  The magistrate has correctly applied the factors of this Court's

*Chrysler* decision to the specific facts of this case and, in denying the motion to

change venue, concluded:

> [T]he primary, if not the only, witnesses to the incident are Mr. Cohen
> and Defendant Busch.  Mr. Cohen has not presented any specific
> grounds for a transfer of venue based on convenience or fairness.  Mr.
> Cohen concedes that he originally filed this action in the District of
> Colorado "because the plaintiff is incarcerated within the jurisdiction of
> this court . . . ."  Mr. Cohen remains incarcerated in the District of
> Colorado.  Defendant Busch currently resides in Massachusetts.  There
> is no basis to question the enforceability of a judgment obtained in the
> District of Colorado or to conclude that all of the parties cannot obtain
> a fair trial in the District of Colorado.  There is no evidence that the

dockets are congested in the District of Colorado. The law to be applied is federal law, which can be equally applied by the District of Colorado or in the District Court in Washington, D.C.

Doc. 119 at 23-24 (citing *Chrysler Credit Corp.*, 928 F.2d at 1516).

The magistrate specifically considered Mr. Cohen's argument that if the court did not transfer the case to a different venue, Mr. Cohen would be time-barred from filing a new action in Washington, D.C. because of the statute of limitations. Doc. 119 at 9-12. In assessing Mr. Busch's motion to dismiss on the statute of limitations, the magistrate concluded, based on a lack of proof that this stage, "the court cannot determine whether Mr. Cohen's claims are [already] barred by the statute of limitations or [whether] Mr. Cohen's mental disability sufficiently tolled the statute of limitations bar." Doc. 119 at 12. After considering the issue of the statute of limitations, the magistrate recommended denial of Mr. Cohen's motion to change venue, stating:

> The **balance of considerations** is not in favor of transferring venue. In its discretion, the court finds that a transfer of venue would not be in the interest of justice and declines to transfer the action.

Doc. 119 at 24 (emphasis added). Therefore, the magistrate considered and addressed Mr. Cohen's statute of limitations argument and concluded that the "balance of considerations" was not in favor of a change of venue. *Id.* The district

18

court reviewed this recommendation *de novo* and "in light of the file and record in this case" denied Mr. Cohen's motion for a change of venue to Washington, D.C. Doc. 126 at 1-2.  The district court did not plainly err or abuse its discretion when it relied on the magistrate's well-reasoned analysis of the full balance of considerations and the entire record of this case to conclude that a change of venue to Washington, D.C. was not in the interest of justice.  *Ballesteros*, 452 F.3d at 1160; *Trujillo*, 465 F.3d at 1223.

### CONCLUSION

For the foregoing reasons, the district court's Orders of October 21, 2009 and June 23, 2010 should be affirmed.

Respectfully submitted,


IRVIN B. NATHAN, General Counsel
KERRY W. KIRCHER, Deputy General Counsel
CHRISTINE DAVENPORT, Assistant Counsel
JOHN D. FILAMOR, Assistant Counsel

/s/ Katherine E. McCarron
KATHERINE E. McCARRON, Assistant Counsel
ARIEL B. WALDMAN, Assistant Counsel


Office of General Counsel
U.S. House of Representatives
219 Cannon House Office Building
Washington, D.C. 20515-6601

19

(202) 225-9700 telephone
Katherine.McCarron@mail.house.gov

Counsel for Appellee Congressman Henry
Waxman


JOHN F. WALSH
United States Attorney

/s/ Michael C. Johnson
MICHAEL C. JOHNSON, Assistant United States
Attorney, Colorado Bar # 39967
Office of the United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
(303) 454-0100 telephone
Michael.Johnson2@usdoj.gov


Counsel for Appellees U.S. Capitol Police and
Fred Busch

20

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing Appellee's Answer Brief,

(1) all required privacy redactions have been made;

(2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3) The digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, TREND MICRO Office Scan for Windows, Version 8.0, Engine Version 9.120.1004, Virus Pattern File7.511.00, dated 10/3/10 and according to the program are free of viruses.

_s/Dorothy Burwell_____
U.S. Attorney's Office

21

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2010, I electronically filed the foregoing

Appellee's Answer Brief using the CM/ECF system which will send notification of

such filing to the following e-mail address:

Michael.Johnson2@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the

following via U.S. Mail, postage pre-paid:

Solomon Ben-Tov Cohen
Registration No. 36792-013
FCI - Englewood
9595 West Quincy Avenue
Littleton, CO 80123

*s/Dorothy Burwell*

U.S. Attorney's Office

# ATTACHMENTS

Appellate Case: 10-1283   Document: 26   Date Filed: 10/04/2010   Page: 32

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02188-LTB-CBS

SOLOMON BEN-TOV COHEN,
  Plaintiff,

v.

REPRESENTATIVE HENRY WAXMAN, United States Congress,
U.S. CAPITOL POLICE, and
FRED BUSCH, Agent, U.S. Capitol Police,
  Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on: (1) "Defendant the U.S. Capitol Police's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (filed April 21, 2009) (doc. # 20); and (2) the "Motion to Dismiss of Defendant Henry Waxman" and "Memorandum of Points and Authorities in Support of Motion to Dismiss of Defendant Congressman Henry A. Waxman" (filed May 4, 2009) (docs. # 24 and # 25).  Pursuant to the Order of Reference dated November 12, 2008 (doc. # 9) and the memoranda dated April 22, 2009 (doc. # 21) and May 5, 2009 (doc. # 26), these matters were referred to the Magistrate Judge.  The court has reviewed the Motions, Mr. Cohen's Responses (filed August 12, 2009) (docs. # 55, # 56, and # 56-2), Defendant Waxman's Reply (filed August 27, 2009) (doc. # 58), Defendant the U.S. Capitol Police's Reply (filed August 27, 2009) (doc. # 59), the pleadings, the entire case file and the applicable law and is sufficiently advised in the premises.

I.      Statement of the Case

Plaintiff Mr. Cohen, in his *pro se* capacity, brings this civil action pursuant to

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388

(1971), against Congressman Henry Waxman of California, the U.S. Capitol Police, and

Fred Busch (allegedly an agent of the U.S. Capitol Police), for money damages for

alleged constitutional and statutory violations that purport to arise out of Mr. Cohen's

visit to Congressman Waxman's congressional office in Washington, D.C. on or about

November 25, 2003.  (*See* Amended Prisoner Complaint ("APC") (doc. # 6) at p. 4 of

22; Second Amended Prisoner Complaint ("SAPC") (doc. # 12) at p. 3 of 28).  Mr.

Cohen alleges that he is a citizen and national of the United Kingdom "and non-

permanent resident of the United States since 1990."  (*See* initial Prisoner Complaint

(doc. # 3) at p. 12 of 77).  Mr. Cohen alleges that he was granted an H-1B visa in

December 1994 that was renewed in December 1997 and expired on December 21,

2000.  (*See* doc. # 3 at pp. 12, 14, 16, 35-36, 41 of 77).[1]

Mr. Cohen entered the United States most recently on June 21, 2002 at Los

Angeles, California, under the Visa Waiver Program ("VWP"), 8 U.S.C. § 1187

(Immigration and Naturalization Act ("INA") § 217), and was authorized to stay in the

United States for no longer than 90 days.  *See Cohen v. Mukasey*, 2009 WL 1766843 *

2 (D. Colo. June 22, 2009).  Mr. Cohen did not depart the United States within 90 days

---

[1]    An H-1B visa is a non-immigrant visa that carries with it the right to work in the United States on a temporary basis for a specific employer and at a specific job.  *See generally*, 8 U.S.C. §§ 1101(a)(15)(H), 1184(g)(1) and (i)).  The normal duration of stay is three years, with one extension of three additional years, *id.* at § 1184(g)(4), although the maximum length of stay may be extended in certain circumstances that do not appear to be present here.

and United States Immigration and Customs Enforcement ("ICE"), a subagency of the Department of Homeland Security ("DHS"), issued an order of removal on November 26, 2003.  (*See id.*).

Mr. Cohen traveled to Congressman Waxman's Washington, D.C. congressional office on November 25, 2003 to complain to Congressman Waxman about his treatment at the hands of local officials in West Hollywood, California. (*See* APC at p. 4 of 22; SAPC (doc. # 12) at pp. 3-4 of 28).  Mr. Cohen apparently intended to hand-deliver to Congressman Waxman "a letter asking for the Congressman's support in becoming a US Citizen after 10+ years in the United States." (*See* doc. # 3 at p. 13 of 77).  Mr. Cohen alleges that U.S. Capitol Police Agent Fred Busch "illegally wrongfully and maliciously arrested Plaintiff in the office of Defendant representative Henry Waxman at the Rayburn Office Building, Washington, District of Columbia on November 25th 2003 on a fabricated and false charge of '*making threats against a Congressman*' which he later dropped."  (*See* SAPC (doc. # 12) at p. 4 of 28) (emphasis in original).  Mr. Cohen was detained by ICE on November 26, 2003 in Virginia after a referral by the U.S. Capitol Police.  (*See* doc. # 3 at p. 28 of 77).  Mr. Cohen remains detained by ICE.

The SAPC, 28 pages in length and alleging nine claims, was accepted for filing on February 17, 2009.  (*See* doc. # 12).  Mr. Cohen alleges: (1) a violation of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments (Claim One); (2) a deprivation of constitutional rights, privileges, and immunities resulting in psychological harm (Claim Two); (3) extreme mental distress caused by the constitutional violations (Claim Three); (4) a violation of the First and Sixth Amendment communication privilege between Plaintiff and Representative Waxman (Claim Four); (5) intentional arrest without

3

probable cause (Claim Five); (6) loss of personal freedom, pain and suffering, and loss of reputation (Claim Six); (7) conspiracy (Claim Seven); (8) an improper refusal by Agent Busch to disclose his badge number (Claim Eight); and (9) bad faith investigation (Claim Nine).  (*See id*. at pp. 5-8, 19-24 of 28).  Mr. Cohen sues Defendant Waxman and Defendant Busch each "individually and in his official capacity."  (*See* doc. # 12 at p. 3 of 28).  Mr. Cohen sues Defendant U.S. Capitol Police "as employer of Defendant" Busch.  (*See id*.).  Mr. Cohen seeks only monetary relief.  (*See id*. at p. 15 ("Plaintiff prays that the Court grant him all compensatory, exemplary and punitive damages to which he is entitled. . . .")).

Defendant U.S. Capitol Police moves to dismiss the SAPC pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim under *Bivens*.  Defendant Waxman moves to dismiss the SAPC: (1) pursuant to Rule 12(b)(2) for lack of personal jurisdiction; (2) pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction based on qualified immunity and the Speech and Debate Clause of the U.S. Constitution (3) as barred by the statute of limitations; and (4) pursuant to Rule 12(b)(6) for failure to state any claim upon which relief can be granted.

II.   Analysis

A.   Lack of Personal Jurisdiction Over Congressman Waxman.

When a court's power to exercise personal jurisdiction over a nonresident defendant is challenged by a motion under Fed. R. Civ. P. 12(b)(2), and the question of jurisdiction is resolved based only on the pleadings, the allegations in the complaint, the motion papers, and any supporting legal memoranda, without an evidentiary hearing,

4

the burden is on the plaintiff to make a prima facie showing of a sufficient basis for jurisdiction. *Mylan Labs., Inc. v. Akzon, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). *See also Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) ("Where, as in the present case, there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists."). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings,* 149 F.3d at 1091. It is the plaintiff's burden to demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution. *United Elec. Radio and Mach. Workers of America (UE) v. 163 Pleasant Street Corporation*, 987 F.2d 39, 43-44 (1st Cir. 1993) (internal quotation marks and citation omitted).

"Jurisdiction to resolve cases on the merits requires . . . authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (internal quotation marks and citation omitted). "In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks and citation omitted).

Where the federal statute at issue does not authorize nationwide service of process, a court may assert personal jurisdiction to "the extent allowed by the state in

which the district court sits." Fed. R. Civ. P. 4(k)(1)(A); *SCC Communications Corp. v. Anderson*, 195 F. Supp. 2d 1257, 1260 (D. Colo. 2002). Because *Bivens*, 403 U.S. 388, does not confer nationwide service of process, Rule 4(k)(1)(A) governs this court's authority to exercise personal jurisdiction over Congressman Waxman as an out-of-state defendant. Rule 4(k)(1)(A) provides that "[s]erving a summons . . . establishes personal jurisdiction over a defendant . . . (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."

> When authorized by Federal Rule of Civil Procedure 4(k)(1)(A), service of process sufficient to exercise jurisdiction over a defendant is limited by state law, so that any challenge to the personal jurisdiction requires [the court] to assess the jurisdiction of the courts in the state where the district court is located. . . .
>
> Since in personam jurisdiction of a state court is limited by that state's laws and by the Fourteenth Amendment, [the court must] inquire whether the state long-arm statute authorizes the exercise of jurisdiction over the defendant. If it does, [the court] must then determine whether the state court's exercise of such jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. . . .

*ESAB Group, Inc. v. Centricut, Inc.* 126 F.3d 617, 622-23 (4th Cir. 1997) (citations omitted).

"Colorado's long arm statute is coextensive with constitutional limitations imposed by the due process clause. Therefore, if jurisdiction is consistent with the due process clause, Colorado's long arm statute authorizes jurisdiction over a nonresident defendant." *Benton v. Cameco Corp.*, 375 F. 3d 1070, 1075 (10th Cir. 2004) (citation omitted). *See also United States v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002) (question of whether court can exercise personal jurisdiction "collapses into a single due

6

process analysis under the Constitution") (internal quotation marks and citation omitted).

The Tenth Circuit has "carefully and succinctly la[id] out the well-established

constitutional analysis for personal jurisdiction."  *Benton*, 375 F. 3d at 1075.

> The Due Process Clause protects an individual's liberty interest in not
> being subject to the binding judgments of a forum with which he has
> established no meaningful contacts, ties, or relations.  Therefore, a court
> may exercise personal jurisdiction over a nonresident defendant only so
> long as there exist minimum contacts between the defendant and the
> forum state. . . .
>
> The minimum contacts standard may be met in two ways. First, a court
> may, consistent with due process, assert specific jurisdiction over a
> nonresident defendant if the defendant has purposefully directed his
> activities at residents of the forum, and the litigation results from alleged
> injuries that arise out of or relate to those activities.  Where a court's
> exercise of jurisdiction does not directly arise from a defendant's
> forum-related activities, the court may nonetheless maintain general
> personal jurisdiction over the defendant based on the defendant's general
> business contacts with the forum state.

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090-91 (10th Cir.1998)

(internal quotation marks and citations omitted).


1.      Specific Jurisdiction

Defendant Waxman argues that he does not have minimum contacts with the

District of Colorado for purposes of specific jurisdiction.  "In determining whether a

defendant has established minimum contacts with the forum state, we examine whether

the defendant purposefully avail[ed] itself of the privilege of conducting activities within

the forum State."  *Benton*, 375 F. 3d at 1075 (internal quotation marks and citation

omitted).  "A defendant's contacts are sufficient if the defendant purposefully directed its

activities at residents of the forum, and . . . the plaintiff's claim arises out of or results

from actions by the defendant himself that create a substantial connection with the forum state." *Benton*, 375 F. 3d at 1075 (internal quotation marks and citation omitted). The court "must consider whether the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559 (1986). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities *within the forum State*, thus invoking the benefits and protections of its laws." *Trujillo*, 465 F.3d at 1219 (internal quotation marks and citation omitted) (emphasis in original).

Mr. Cohen does not allege or demonstrate that Defendant Waxman conducted any activities in Colorado or had any contact with him in Colorado. All of the events constituting the alleged unconstitutional conduct occurred in Washington, D.C. (*See* doc. # 12). Mr. Cohen argues in his Response that Defendant Waxman has a website, http://www.henrywaxman.house.gov, that subjects him to the jurisdiction of this court. (*See* doc. # 56-2 at p. 25 of 68). The Tenth Circuit and the District of Colorado have rejected similar arguments as grounds for personal jurisdiction. *See, e.g., Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1299, 1999 CJ C.A.R. 6638 (10th Cir. 1999) (holding that the maintenance of a passive website accessible to forum residents that merely provides information to "interested viewers," is insufficient to demonstrate the purposeful availment of benefits of doing business in the forum); *SCC Communications Corp. v. Anderson*, 195 F. Supp. 2d 1257, 1260 (D. Colo. 2002) ("The creation of a passive website, by itself, is not considered an act purposefully directed toward the forum state."). *See also Oxion, Inc. v. O3 Zone Co.*, 2007 WL 2155675 at *

6 (D. Kan. July 26, 2007) (website of limited interactive nature failed to satisfy the standards prerequisite to the exercise of general or specific jurisdiction) (cited by Mr. Cohen, doc. # 56-2 at p. 25 of 68).

In his Response, Mr. Cohen also argues that "Result of defendants tortious acts continues in The State of Colorado [sic]".  (*See* doc. # 56-2 at p. 29 of 68).  "The United States Supreme Court has addressed the issue of what contacts are necessary to satisfy due process in the context of an intentional tort."  *Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 237 (Colo. 1992) (internal quotation marks and citation omitted).  "In *Calder v. Jones*, the Court approved an 'effects' test and held that where a defendant's intentional, and allegedly tortious, actions, taken outside the forum, are expressly directed at causing a harmful effect within the forum state, a sufficient nexus exists between the Defendant and the state so as to satisfy due process."  *Id.* (citations omitted).  Mr. Cohen has not sufficiently alleged or demonstrated that Defendant Waxman engaged in intentional and tortious actions in Washington, D.C., expressly directed at causing a harmful effect within Colorado, so as to establish a sufficient nexus between Defendant Waxman and Colorado.

In sum, the court concludes that Defendant Waxman does not have minimum contacts with the District of Colorado for purposes of specific jurisdiction.

2.    General Jurisdiction

Mr. Cohen argues in his Response that Defendant "Waxman's role in the House of Representatives and as Chair of various committees affects the State of Colorado means General Jurisdiction."  (*See* doc. # 56-2 at p. 24 of 68).  The court may take

judicial notice of the fact that Defendant Waxman represents the 30th congressional district of California, encompassing the coastal communities of Santa Monica, Malibu, West Los Angeles, Beverly Hills, and West Hollywood, California, and maintains congressional offices only in Washington, D.C. and Los Angeles.  *See* http://www.henrywaxman.house.gov.  Government officials who do not reside or perform work in Colorado do not "transact business" within the meaning of the long-arm statute.  *See Shaffer v. Clinton*, 54 F. Supp. 2d 1014, 1020-21 (D. Colo. 1999) ("consequences in Colorado of acts performed by remote defendants are insufficient to establish personal jurisdiction over that plaintiff unless the plaintiff can show "an action of the defendant purposefully directed toward the forum State' " . . . thus Colorado long-arm statute did not reach Clerk of the U.S. House of Representatives who performed his job in Washington, D.C.);  *First Western Gov't Securities, Inc. v. United States*, 578 F. Supp. 212, 215 (D. Colo. 1984) (employees of the IRS who had "at no time participated in any work assignments in Colorado or traveled to Colorado in connection with any work assignments" did not transact "business in Colorado as that phrase has been defined by case law interpreting the long-arm statute.").  *See also Cornell v. Kellner*, 539 F.Supp.2d 311, 315 (D.D.C.2008) (finding no personal jurisdiction over IRS employees who were Arizona residents, where plaintiff did not allege "that his claim for relief arises from Defendant's transaction of business in the District of Columbia," nor did he offer evidence that defendants committed any acts in D.C. with a "nexus to [p]laintiff's cause of action")*; Islamic Am. Relief Agency v. Unidentified FBI Agents*, 394 F. Supp. 2d 34, 57-58 (D.D.C. 2005) (finding no personal jurisdiction over defendant who lived and worked in Missouri where his sole contact with D.C. was employment by

Internal Revenue Service, which is headquartered here), *aff'd in part and remanded*, 477 F.3d 728 (D.C. Cir.), *cert. denied*, 128 S.Ct. 92 (2007).  Mr. Cohen has neither pled nor demonstrated grounds for maintaining general personal jurisdiction over Defendant Waxman.

Mr. Cohen's allegations and arguments do not suffice to make a prima facie showing of the requisite minimum contacts consistent with due process.  This court thus lacks personal jurisdiction over Defendant Waxman.  As the court cannot proceed to the merits of a claim in the absence of personal jurisdiction, Mr. Cohen's claims against Defendant Waxman are properly dismissed pursuant to Fed. R. Civ. P. 12(b)(2).[2]


3.      Transfer of Venue

In his Response, Mr. Cohen states:"[t]o the extent that Plaintiff is unable to successfully argue against Defendant's claim of lack of jurisdiction in the attached Memorandum, Plaintiff asks for Change of Venue to US District Court for the District of Columbia."  (*See* doc. # 56 at p. 2 of 4; *see also* doc. # 56-2 at p. 26 of 68 ("To the extent that Defendant's Motion may be construed as request to transfer this Action to US District Court for the District of Columbia or Supreme Court of the United States, Plaintiff has no ob[je]ctions.")).  First, Defendants have not requested a transfer of venue.  No party has argued that this case was brought in the wrong venue.  Mr. Cohen

---

[2]    The court notes that the same issues and analysis regarding personal jurisdiction appear to equally apply to Defendant Busch, who has not yet answered or otherwise responded to the SAPC.  Further, Mr. Cohen has noted that "it has not yet been ascertained as to whether or not Plai[nti]ff's wrongful arrest . . . in Denver . . . is the result of direct and unlawful intervention by the Defendants - Defendant Fred Busch, . . ."  (*See* doc. # 56 at p. 2 of 4).

has not presented any grounds for a transfer of venue and Defendants have not responded to his suggestion regarding transfer of venue.  Second, Mr. Cohen cannot move for a transfer of venue in his response.  *See* Local Rules of Practice of the United States District Court for the District of Colorado, D.C. COLO. LCivR 7.1 C. ("A motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate paper.").

Third, the decision to dismiss or transfer a case is "within the district court's sound discretion."  *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).  In determining whether to transfer or to dismiss a case, the determinative question is whether a transfer is in the interest of justice.  28 U.S.C. § 1406(a), § 1404(a).  Courts consider many factors, both private interest and public interest.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981).  Private interest factors include: "the relative ease of access to sources of proof;  availability of compulsory process for attendance of unwilling, and the cost of attendance for willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Id.* at 241 n. 6 (citation omitted).  Public interest factors to be considered include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; . . . the avoidance of unnecessary problems of conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty."  *Id.* (internal quotation marks and citation omitted).

As no party has addressed any of these factors, the court does not address them on a silent record.  In its discretion, the court finds that a transfer of venue would not be

12

in the interest of justice and declines to transfer the action at this time.  The court's

recommendation for dismissal of Defendant Waxman for lack of personal jurisdiction is

without prejudice to Mr. Cohen refiling his claims in another venue.[3]


B.      Failure to State a Claim Against Defendant U.S. Capitol Police

Defendant U.S. Capitol Police moves to dismiss the SAPC pursuant to Rule

12(b)(6) for failure to state a claim under *Bivens*.  Mr. Cohen's SAPC alleges only

constitutional violations and seeks only money damages based on his arrest by a

federal employee in Washington, DC in November 2003.  (See doc. # 12).

In *Bivens*, 403 U.S. at 388, the Supreme Court recognized "an implied private

right of action for damages against federal officers alleged to have violated a citizen's

constitutional rights."  *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 66

(2001).  "Bivens claims allow plaintiffs to recover from individual federal agents for

constitutional violations these agents commit against plaintiffs."  *Robbins v. Wilkie*, 300

F.3d 1208, 1211 (10th Cir. 2002) (citing *Bivens*, 403 U.S. at 388).  The doctrine of

sovereign immunity precludes a *Bivens* action against the United States or any agency

thereof.  *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002).  *See also Malesko*, 534

U.S. at 72 ("prisoner may not bring a Bivens claim against the officer's employer, the

United States, or the BOP");  *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) ("a damages

remedy against federal agencies would be inappropriate even if such a remedy were

---

[3]   In light of the court's conclusion that it lacks personal jurisdiction over Defendant
Waxman, the court need not reach Defendant Waxman's additional arguments for
dismissal at this time.

consistent with *Bivens*."); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir.2005) ("a Bivens claim lies against the federal official in his individual capacity – not . . . against officials in their official capacity").

In his Response, Mr. Cohen states: "Plaintiff should also be given opportunity to separate claim against US Capitol Police from *Bivens* claim to claim under Federal Tort Act should this be necessary." (*See* doc. # 55 at p. 2 of 3).   The mere mention of the "Federal Tort Act" in his response is insufficient to make any such claim.  *See* D.C. COLO. LCivR 7.1 C.   Mr. Cohen has not made any allegation in support of a federal tort claim.  Nor has Mr. Cohen made any allegation that he has filed a proper administrative claim, as required for a federal tort claim.  *See Three-M Enterprises, Inc. v. United States*, 548 F. 2d 293, 294 (10th Cir. 1977) ("The United States has consented to be sued for torts in the Federal Tort Claims Act.  28 U.S.C. § 1346(b).  But as a prerequisite to suit under the Act, 28 U.S. C. § 2675(a) requires that the claim first be presented to the appropriate federal agency and be finally decided by the agency.  This requirement is jurisdictional and cannot be waived.").

Because a damages claim under *Bivens* cannot be stated against a federal agency, the SAPC is properly dismissed as against Defendant the U.S. Capitol Police.

Accordingly, IT IS RECOMMENDED that:

1.     The "Motion to Dismiss of Defendant Henry Waxman" (filed May 4, 2009) (doc. # 24) be GRANTED and Defendant Waxman be dismissed from this civil action, without prejudice to Mr. Cohen refiling his claims in another venue.

2.     "Defendant the U.S. Capitol Police's Motion to Dismiss Pursuant to Fed.

14

R. Civ. P. 12(b)(6)" (filed April 21, 2009) (doc. # 20) be GRANTED and Defendant U.S. Capitol Police be dismissed with prejudice from this civil action.


**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal

those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 21st day of September, 2009.

BY THE COURT:


s/Craig B. Shaffer
United States Magistrate Judge

Appellate Case: 10-1283   Document: 26   Date Filed: 10/04/2010   Page: 48

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No.   08-cv-02188-LTB-CBS

SOLOMON BEN-TOV COHEN

      Plaintiff,

v.

REPRESENTATIVE HENRY WAXMAN, United States Congress,
U.S. CAPITOL POLICE, and
FRED BUSCH, Agent, U.S. Capitol Police,

      Defendants.

---

**ORDER**

---

This case is before me on the recommendation of the Magistrate Judge issued and served on September 21, 2009 (Doc 60).  Plaintiff has failed to file specific written objections to the Magistrate Judge's recommendation and is therefore barred from *de novo* review.  Accordingly, it is

ORDERED that the recommendation is accepted as follows:

1.    The "Motion to Dismiss of Defendant Henry Waxman" (Doc 24) is GRANTED and Defendant Waxman is dismissed from this civil action, without prejudice to Plaintiff refiling his claims in another venue.

2.    "Defendant the U.S. Capitol Police's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc 20) is GRANTED and Defendant U.S. Capitol Police is dismissed without prejudice from this civil action.

      BY THE COURT:

      s/Lewis T. Babcock
      Lewis T. Babcock, Judge

DATED:   October 21, 2009

Appellate Case: 10-1283   Document: 26   Date Filed: 10/04/2010   Page: 49

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02188-LTB-CBS

SOLOMON BEN-TOV COHEN,
        Plaintiff,
v.

FRED BUSCH, Agent, U.S. Capitol Police,
        Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action is before the court on: (1) "Defendant Fred Busch's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6)" (filed October 5, 2009) (doc. # 61); (2) Mr. Cohen's "Motion for Change of Venue" (filed December 21, 2009) (doc. # 85); and (3) Mr. Cohen's "Motion to Amend Complaint" (filed January 20, 2010) (doc. # 97). Pursuant to the Order of Reference dated November 12, 2008 (doc. # 9) and the memoranda dated October 6, 2009, December 30, 2009, and January 21, 2010 (docs. # 62, # 87, and # 99), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, Mr. Cohen's "Opposition to Fred Busch's Motion to Dismiss" ("Response") (filed January 5, 2010) (doc. # 89), Mr. Cohen's additional "Memorandum of Law and Points of Opposition to Defendant Fred Busch's Motion to Dismiss" (filed January 29, 2010) (doc. # 101), Mr. Cohen's amended "Memorandum of Law and Points of Opposition to Defendant Fred Busch's Motion to Dismiss" (filed February 11, 2010) (doc. # 108), Defendant Busch's responses (filed January 11, 2010 and January 28, 2010) (docs. # 90 and # 100), Defendant Busch's Reply (filed January 19, 2010)

(doc. # 96), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.      Statement of the Case

Plaintiff Mr. Cohen brings this civil action in his *pro se* capacity.  Mr. Cohen alleges pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), that he was wrongfully arrested by former Agent Busch of the United States Capitol Police when he went to Representative Waxman's office in Washington, D.C. in November 2003.  (*See* Second Amended Prisoner Complaint ("SAPC") (doc. # 12) at p. 3 of 28).  Mr. Cohen named the U.S. Capitol Police, Representative Waxman, and former Agent Busch as Defendants.  (*See id.*).  On October 21, 2009, the court granted the U.S. Capitol Police's and Representative Waxman's Motions to Dismiss, leaving former Agent Busch as the only Defendant. (*See* Order (doc. # 67)).  Mr. Cohen seeks only monetary relief for his claims.  (*See id.* at p.15 of 28).

Mr. Cohen alleges that he traveled to Congressman Waxman's Washington, D.C. congressional office on November 25, 2003 to complain to Congressman Waxman about his treatment at the hands of local officials in West Hollywood, California. (*See* SAPC (doc. # 12) at pp. 3-4 of 28).  Mr. Cohen apparently intended to hand-deliver to Congressman Waxman "a letter asking for the Congressman's support in becoming a US Citizen after 10+ years in the United States." (*See* doc. # 12 at p. 4 of 28).  Mr. Cohen alleges that Defendant Busch "illegally wrongfully and maliciously arrested Plaintiff in the office of Defendant representative Henry Waxman at the Rayburn Office

Building, Washington, District of Columbia on November 25th 2003 on a fabricated and false charge of '*making threats against a Congressman*' which he later dropped [sic]." (*See* SAPC (doc. # 12) at p. 4 of 28) (emphasis in original).  Mr. Cohen was detained by ICE on November 26, 2003 in Virginia after a referral by the U.S. Capitol Police.  (*See* initial Prisoner Complaint (doc. # 3) at p. 28 of 77).[1]

Mr. Cohen alleges nine claims: (1) violation of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments; (2) deprivation of constitutional rights, privileges, and immunities resulting in psychological harm; (3) extreme mental distress caused by the Defendants' actions; (4) violation of the First and Sixth Amendment communication privilege between Mr. Cohen and Representative Waxman; (5) intentional arrest without probable cause; (6) damage in the form of loss of personal freedom, pain and suffering, and loss of reputation; (7) conspiracy; (8) improper refusal by Agent Busch to disclose his badge number; and (9) bad faith or, alternatively, negligent investigation.  (*See id.* at pp. 5-8, 19-24 of 28).  Mr. Cohen sues Defendant Busch "individually and in his official capacity."  (*See* doc. # 12 at p. 3 of 28).

II.      Defendant Busch's Motion to Dismiss

A.      Lack of Personal Jurisdiction Over Defendant Busch

Defendant Busch moves to dismiss the SAPC pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.  When a court's power to exercise personal

---

[1]      At the time he filed this action, Mr. Cohen was in the custody of ICE.  Upon information and belief, Mr. Cohen is currently in the custody of the United States Marshal Service.  (*See* doc. # 110 at n. 1).

jurisdiction over a nonresident defendant is challenged by a motion under Fed. R. Civ. P. 12(b)(2), and the question of jurisdiction is resolved based only on the pleadings, the allegations in the complaint, the motion papers, and any supporting legal memoranda, without an evidentiary hearing, the burden is on the plaintiff to make a prima facie showing of a sufficient basis for jurisdiction. *Mylan Labs., Inc. v. Akzon, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). *See also Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) ("Where, as in the present case, there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists."). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir. 1998). It is the plaintiff's burden to demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution. *United Elec. Radio and Mach. Workers of America (UE) v. 163 Pleasant Street Corporation*, 987 F.2d 39, 43-44 (1st Cir. 1993) (internal quotation marks and citation omitted).

"Jurisdiction to resolve cases on the merits requires . . . authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (internal quotation marks and citation omitted). "In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether

the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks and citation omitted).

Where the federal statute at issue does not authorize nationwide service of process, a court may assert personal jurisdiction to "the extent allowed by the state in which the district court sits." Fed. R. Civ. P. 4(k)(1)(A); *SCC Communications Corp. v. Anderson*, 195 F. Supp. 2d 1257, 1260 (D. Colo. 2002). Because *Bivens*, 403 U.S. at 388, does not confer nationwide service of process, Rule 4(k)(1)(A) governs this court's authority to exercise personal jurisdiction over Defendant Busch as an out-of-state defendant. Rule 4(k)(1)(A) provides that "[s]erving a summons . . . establishes personal jurisdiction over a defendant . . . (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."

> When authorized by Federal Rule of Civil Procedure 4(k)(1)(A), service of process sufficient to exercise jurisdiction over a defendant is limited by state law, so that any challenge to the personal jurisdiction requires [the court] to assess the jurisdiction of the courts in the state where the district court is located. . . .
>
> Since in personam jurisdiction of a state court is limited by that state's laws and by the Fourteenth Amendment, [the court must] inquire whether the state long-arm statute authorizes the exercise of jurisdiction over the defendant. If it does, [the court] must then determine whether the state court's exercise of such jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. . . .

*ESAB Group, Inc. v. Centricut, Inc.* 126 F.3d 617, 622-23 (4th Cir. 1997) (citations omitted).

"Colorado's long arm statute is coextensive with constitutional limitations imposed by the due process clause. Therefore, if jurisdiction is consistent with the due process clause, Colorado's long arm statute authorizes jurisdiction over a nonresident

defendant."  *Benton v. Cameco Corp.*, 375 F. 3d 1070, 1075 (10th Cir. 2004) (citation

omitted).  *See also United States v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002)

(question of whether court can exercise personal jurisdiction "collapses into a single due

process analysis under the Constitution") (internal quotation marks and citation omitted).

The Tenth Circuit has "carefully and succinctly la[id] out the well-established

constitutional analysis for personal jurisdiction."  *Benton*, 375 F. 3d at 1075.

> The Due Process Clause protects an individual's liberty interest in not
> being subject to the binding judgments of a forum with which he has
> established no meaningful contacts, ties, or relations.  Therefore, a court
> may exercise personal jurisdiction over a nonresident defendant only so
> long as there exist minimum contacts between the defendant and the
> forum state. . . .
>
> The minimum contacts standard may be met in two ways. First, a
> court may, consistent with due process, assert specific jurisdiction over a
> nonresident defendant if the defendant has purposefully directed his
> activities at residents of the forum, and the litigation results from alleged
> injuries that arise out of or relate to those activities.  Where a court's
> exercise of jurisdiction does not directly arise from a defendant's
> forum-related activities, the court may nonetheless maintain general
> personal jurisdiction over the defendant based on the defendant's general
> business contacts with the forum state.

*OMI Holdings*, 149 F.3d at 1090-91 (internal quotation marks and citations omitted).

Defendant Busch argues that he does not have minimum contacts with the

District of Colorado for purposes of specific jurisdiction.  "In determining whether a

defendant has established minimum contacts with the forum state, we examine whether

the defendant purposefully avail[ed] itself of the privilege of conducting activities within

the forum State."  *Benton*, 375 F. 3d at 1075 (internal quotation marks and citation

omitted).  "A defendant's contacts are sufficient if the defendant purposefully directed its

activities at residents of the forum, and . . . the plaintiff's claim arises out of or results

from actions by the defendant himself that create a substantial connection with the forum state." *Benton*, 375 F. 3d at 1075 (internal quotation marks and citation omitted). The court "must consider whether the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559 (1986). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities *within the forum State*, thus invoking the benefits and protections of its laws." *Trujillo*, 465 F.3d at 1219 (internal quotation marks and citation omitted) (emphasis in original).

Mr. Cohen does not allege or demonstrate that Defendant Busch conducted any activities in Colorado or had any contact with him in Colorado. All of the events constituting the alleged unconstitutional conduct occurred in Washington, D.C. (*See* doc. # 12). Regarding this argument raised by Defendant Busch, Mr. Cohen responds merely that the "Court has Personal Jurisdiction over Defendant Fred Busch" and that "Busch has been served." (*See* doc. # 89 at p. 4 of 38; doc. # 108 at p. 7 of 17). Mr. Cohen has not shown that Defendant Busch has minimum contacts with the District of Colorado for purposes of specific jurisdiction. Nor has Mr. Cohen asserted or demonstrated grounds for maintaining general personal jurisdiction over Defendant Busch based on any general business contacts with the forum state. Mr. Cohen's allegations and arguments do not suffice to make a prima facie showing of personal jurisdiction over Defendant Busch. The court thus lacks personal jurisdiction over Defendant Busch and Mr. Cohen's claims against Defendant Busch are properly

dismissed pursuant to Fed. R. Civ. P. 12(b)(2).[2]

B.      Whether Mr. Cohen Fails to State Plausible Claim for Relief under *Bivens*

Defendant Busch further moves to dismiss the SAC pursuant to Fed. R. Civ. P.

12(b)(6) for failure to state a claim upon which relief can be granted under *Bivens*.

Defendant Busch argues that Mr. Cohen's claims are barred by the statute of

limitations, that Mr. Cohen does not state a plausible claim for relief under *Bivens*, and

that he is entitled to qualified immunity.

> Under Rule 12(b)(6), [d]ismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face.  A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.
> Although plaintiffs need not provide detailed factual allegations to survive a motion to dismiss, they must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Furthermore, conclusory allegations are not entitled to the assumption of truth.

---

[2]     To the extent that Mr. Cohen argues in his Response that "[r]esult of defendants tortious acts continues in The State of Colorado [sic]," (*see* doc. # 89 at p. 6 of 38), he has not sufficiently alleged or demonstrated that Defendant Busch engaged in intentional and tortious actions in Washington, D.C., expressly directed at causing a harmful effect within Colorado, so as to establish a sufficient nexus between Defendant Busch and Colorado.  *See Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 237 (Colo. 1992) ("The United States Supreme Court has addressed the issue of what contacts are necessary to satisfy due process in the context of an intentional tort.") (internal quotation marks and citation omitted).  "[T]he Court approved an 'effects' test and held that where a defendant's intentional, and allegedly tortious, actions, taken outside the forum, are expressly directed at causing a harmful effect within the forum state, a sufficient nexus exists between the Defendant and the state so as to satisfy due process." *Id.* (citations omitted).

*Masters v. Gilmore*, 663 F. Supp. 2d 1027, 1037 (D. Colo. 2009) (internal quotation marks and citations omitted).

1.      Statute of Limitations

Defendants argue that Mr. Cohen's claims are barred by the applicable statute of limitations.  It is undisputed that Mr. Cohen filed his initial Prisoner Complaint on or about October 9, 2008 and that Mr. Cohen's claims arise from an incident that occurred on November 25, 2003, almost five years before Mr. Cohen filed his Complaint.  (*See* Complaint (doc. # 3)).

"A *Bivens* action is subject to the limitation period for an action under 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the state where the cause of action accrues."  *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007) (citations omitted).  In Colorado, the limitation on personal injury claims is two years.  *See* Colo. Rev. Stat. § 13-80-102(g) (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided");  *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir.1993) (applying § 13-80-102 to § 1983 claim).

"Although state law establishes the statute of limitations, federal law determines when plaintiffs' federal *Bivens* claims accrued."  *Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004) (citation omitted).  "Under federal law, the statute of limitations on a *Bivens* claim begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action."  *Van Tu*, 364 F.3d at

1199 (internal quotation marks and citation omitted).  *See also Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006) ("[F]or *Bivens* actions (the federal analogue to § 1983 claims), we have held that a claimant's cause of action accrues when the claimant knew or had reason to know 'of the existence and cause of injury which is the basis for his action.'") (citation omitted).

As an affirmative defense, the statute of limitations may be subject to certain defenses such as waiver, estoppel, or equitable tolling.  *See Rotella v. Wood*, 528 U.S. 549, 560 (2000) (federal statutes of limitations "are generally subject to equitable principles of tolling").  However equitable tolling is employed as an "exception, not the rule." *Rotella*, 528 U.S. at 561.  Mr. Cohen's claims appear to be barred by the statute of limitations, unless Mr. Cohen shows a basis for tolling the limitations period.

Mr. Cohen seems to argue that the statute of limitations should be tolled because he was under a mental disability, having been "declared Incompetent to Proceed" until his competency was restored while he was housed at the Colorado Mental Health Institute ("CMHI") between November 19th, 2007 and March 31, 2008.   (*See* SAPC (doc. # 12) at p. 7 of 28 ("On December 7th, 2007, Defendant US Capitol Police telephoned Sarah Morgan LSW at Colorado Mental Health Institute at Pueblo, Colorado ("CMHIP") to which [Mr. Cohen] had been ordered for Competency Restoration . . . Prior to this Competency Restoration, Plaintiff was not fit to file this Complaint Action").  *See also* Mr. Cohen's Response (doc. # 89) at p. 6 of 38; Motion for Change of Venue (doc. # 85) at p. 1 of 3 ("Plaintiff first became aware that his civil rights had been violated when he attended competency restoration classes given by Dr. Sean Kelly in Colorado. Plaintiff was declared Competent to Proceed by Denver District Judge Sheila

10

Rappaport, Denver District Court, State of Colorado March 30, 2008."); doc. # 108 ("Plaintiff first became aware of his civil rights, existence of *Bivens* remedy . . . when, after being declared Incompetent to Proceed, he attended classes by Dr. Kelly at Colorado Mental Health Institute at Pueblo from November 19th 2007-March 31st 2008.").

A defendant's argument that a claim is barred by the statute of limitations raises an affirmative defense, and "[i]t is beyond dispute that the defendants have the burden of proof in establishing the elements of the affirmative defense of the statute of limitation." *Tello v. Dean Witter Reynolds, Inc.* 410 F.3d 1275, 1292 (11th Cir. 2005). *See also Kingman Reef Atoll Investments, L.L.C. v. U.S.*, 541 F.3d 1189, 1197 (9th Cir. 2008) (ordinarily the defendant bears the burden of proving an affirmative statute of limitations defense)*; Roberts v. Barreras*, 484 F.3d at 1240-41 ("failure to exhaust is an affirmative defense under the PLRA, and . . . the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant") (internal quotation marks and citations omitted); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 42 (1st Cir. 2003) (statute of limitations as to a *Bivens* action against individual federal officers is an affirmative defense) (citations omitted); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) ("if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor").

Dismissal based on the affirmative statute of limitations defense cannot usually be made on pleadings without proof.  "At the motion-to-dismiss stage, a complaint may

be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." *Tello,* 410 F.3d at 1288 n. 13 (internal quotation marks and citations omitted).   *See also United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (complaint may be dismissed where the "allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations") (citation omitted); *Bullington v. United Air Lines Co.*, 186 F.3d 1301, 1310 n. 3 (10th Cir. 1999) (noting "that Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period") (citation omitted), *implicitly overruled on other grounds as recognized by Boyer v. Cordant Technologies*, 316 F.3d 1137, 1140 (10th Cir. 2003); *Doe v. U.S. Dept. of Justice*, 753 F.2d 1092, 1116 (D.C. Cir. 1985) (a defense based on the statute of limitations is an affirmative defense that cannot succeed on a Rule 12(b)(6) motion unless it is unequivocally apparent from the face of the complaint that the statute precludes the action).

Defendant Busch has not presented evidence to refute Mr. Cohen's allegation that the statute of limitations should be tolled because he was under a mental disability until March 31, 2008.  Based upon the pleadings, the court cannot determine whether Mr. Cohen's claims are barred by the statute of limitations or Mr. Cohen's mental disability sufficiently tolled the statute of limitations bar.  Defendants' request for dismissal of Mr. Cohen's claims pursuant to Fed. R. Civ. P. 12 based on the statute of limitations is properly denied at this time.

2.       Sovereign Immunity from *Bivens* Claims

Mr. Cohen is suing Defendant Busch "individually and in his official capacity."

(*See* doc. # 12 at p. 3 of 28).  To the extent Mr. Cohen brings his claims against

Defendant Busch in his official capacity, such claims must be dismissed.

"*Bivens* claims allow plaintiffs to recover from individual federal agents for

constitutional violations these agents commit against plaintiffs."  *Robbins v. Wilkie*, 300

F.3d 1208, 1211 (10th Cir. 2002).  *See also Correctional Services Corporation v.*

*Malesko*, 534 U.S. 61, 66 (2001) (in *Bivens*, the Supreme Court recognized "an implied

private right of action for damages against federal officers alleged to have violated a

citizen's constitutional rights").  A *Bivens* action alleging that a federal employee violated

a plaintiff's constitutional rights cannot be maintained against the United States or an

agency of the United States.  *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (direct

action for damages against federal agencies not recognized under *Bivens*).  *See also*

*Malesko*, 534 U.S. at 72 ("If a federal prisoner in a BOP facility alleges a constitutional

deprivation, he may bring a *Bivens* claim against the offending individual officer, subject

to the defense of qualified immunity. . . The prisoner may not bring a *Bivens* claim

against the officer's employer, the United States, or the BOP.");  *Simmat v. U.S. Bureau*

*of Prisons* 413 F.3d 1225, 1231 (10th Cir. 2005) ("a *Bivens* claim lies against the federal

official in his individual capacity – not . . . against officials in their official capacity").  To

the extent that Mr. Cohen is alleging his *Bivens* claims against Defendant Busch in his

official capacity, such claims are barred by sovereign immunity and are thus properly

dismissed with prejudice for lack of subject matter jurisdiction.

3.    First Amendment Claim

The Supreme Court has not expressly extended *Bivens* liability to First Amendment claims.  In *Ashcroft v. Iqbal*, the Supreme Court noted that in *Bush v. Lucas*, 462 U.S. 367 (1983), it had "declined to extend *Bivens* to a claim sounding in the First Amendment." --- U.S. ----, 129 S. Ct. 1937, 1948 (2009).[3]  *See also Malesko*, 534 U.S. at 68 (declining to extend *Bivens* "into any new context").  For this reason, Mr. Cohen does not state a plausible claim for violation of the First Amendment against Defendant Busch.

Even if the court were to recognize a First Amendment claim against Defendant Busch under *Bivens*, Mr. Cohen has not pled a plausible First Amendment claim.  Mr. Cohen asserts that his "right under the First Amendment … to freedom of expression and to petition the government for a redress of grievance" has been violated.  (*See* doc. # 12 at p. 5 of 28).  Mr. Cohen does not allege how his right to "freedom of expression" or right to "petition the government for redress" were restricted by Defendant Busch.  Mr. Cohen makes no allegations that specifically link Defendant Busch to any First Amendment violation or allege how Defendant Busch's actions restricted or infringed upon his protected First Amendment rights.  Without specific allegations, a *Bivens* claim for money damages against an individual cannot survive.  *See Ashcroft v. Iqbal*, 129 S. Ct. at 1948 (noting that a "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").  As Mr.

---

[3]    However, because "Petitioners [did] not press this argument" the Court "assume[d], without deciding, that respondent's First Amendment claim is actionable under *Bivens*."  *Ashcroft v. Iqbal*,  --- U.S. ----, 129 S. Ct. at 1948.

14

Cohen's conclusory allegations do not provide any facts to support his First Amendment claim against Defendant Busch, his First Amendment claim is properly dismissed.

4.      Fourth Amendment Claim

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, . . . , against unreasonable searches and seizures . . . ."  U.S. CONST. Amend. IV.  The Supreme Court has recognized liability of individual federal officers for violations of the Fourth Amendment.  *See Bivens*, 403 U.S. at 388 (recognizing for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights and permitting a victim of a Fourth Amendment violation by federal officers to bring suit for money damages against the officers in federal court).

Contrary to Defendant Busch's argument that Mr. Cohen does not provide any specific factual allegations to support a Fourth Amendment violation, the court concludes that Mr. Cohen has adequately alleged the nature of his Fourth Amendment claim.  "A police officer violates an arrestee's clearly established Fourth Amendment right to be free of unreasonable seizure if the officer makes a warrantless arrest without probable cause."  *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) (citation omitted).  Mr. Cohen alleges that Defendant Busch "illegally[,] wrongfully[,] and maliciously arrested Plaintiff in the office of Defendant [R]epresentative Henry Waxman at the Rayburn Office Building, Washington, District of Columbia on November 25th 2003 on a fabricated and false charge of '*making threats against a Congressman*,'" in violation of his Fourth Amendment rights.  (*See* SAPC (doc. # 12) at p. 4 of 28

(emphasis in original); *see also* p. 5 of 28; p. 6 of 28 ("Defendant then took Plaintiff in handcuffs out of the Congressman's office and detained him in his office, although there were no grounds for his arrest.")).  At this stage of the litigation, on a motion to dismiss pursuant to Rule 12, Mr. Cohen's allegations are at least minimally sufficient to state a cognizable claim under the Fourth Amendment.  Defendant Busch's Motion to Dismiss is properly denied at this time as to Mr. Cohen's Fourth Amendment claim.

5.      Fifth Amendment Claim

Mr. Cohen conclusorily alleges violation of his Fifth Amendment rights.  (*See* SAPC (doc. # 12) at p. 5 of 28).  The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." U.S. CONST. Amend. V.  The Supreme Court has recognized *Bivens* liability for violations of the Fifth Amendment Due Process Clause.  *See Davis v. Passman*, 442 U.S. 228 (1979) (finding implied damages remedy under the Due Process Clause of the Fifth Amendment).

Mr. Cohen does not specify the nature of the Fifth Amendment violation he alleges or provide any specific factual allegations to support a Fifth Amendment violation.  Mr. Cohen provides no facts suggesting how Defendant Busch's conduct violated his Fifth Amendment rights.  Mr. Cohen's allegations do not provide any underlying facts to state a plausible claim for violation of the Fifth Amendment by Defendant Busch.  Mr. Cohen's Fifth Amendment claim is properly dismissed.

6.      Sixth Amendment Claim

Mr. Cohen alleges violation of his Sixth Amendment rights.  (*See* SAPC (doc. # 12) at pp. 5, 19 of 28).  The Sixth Amendment provides certain rights "[i]n all criminal prosecutions."  U.S. CONST. Amend. VI.  The Supreme Court has not expressly extended *Bivens* liability to Sixth Amendment claims.  *See Malesko*, 534 U.S. at 66-68 (2001) (explaining that Supreme Court has recognized *Bivens* causes of action only in Fourth, Fifth, and Eighth Amendment cases and declining to extend *Bivens* "into any new context").  For this reason, Mr. Cohen does not state a plausible claim for violation of the Sixth Amendment against Defendant Busch.

Even if the court were to recognize a Sixth Amendment claim against Defendant Busch under *Bivens*, Mr. Cohen has not pled a plausible Sixth Amendment claim.  Mr. Cohen does not adequately allege any basis for his Sixth Amendment claim, *i.e.*, right to criminal counsel, Confrontation Clause, speedy trial, etc.  Mr. Cohen has not alleged any facts suggesting that Defendant Busch's conduct did not meet the Sixth Amendment's requirements.  The only allegation relating to Defendant Busch is that he arrested Mr. Cohen without probable cause on November 25, 2003.  Mr. Cohen does not allege any facts pertaining to a criminal prosecution; in fact, Mr. Cohen alleges that the charge against him was "later dropped" and "[n]o criminal charges were ever filed against the Plaintiff."   (*See* doc. # 12 at pp. 4, 6 of 28).  Mr. Cohen makes no allegations that specifically link Defendant Busch's conduct to any Sixth Amendment violation or indicate how Defendant Busch's actions restricted or infringed upon his protected Sixth Amendment rights.  As Mr. Cohen's allegations do not provide any facts to support his Sixth Amendment claim against Defendant Busch, the Sixth Amendment

17

claim is properly dismissed.

7.    Other Claims

Mr. Cohen alleges additional claims and makes general references to possible additional claims.  (*See* SAPC (doc. # 12) at pp. 5 of 28 ("fourteenth amendment[ ]"), p. 22 of 28 (conspiracy), p. 23 of 28 ("Defendant refused to give Plaintiff his name or badge number"), p. 24 of 28 (negligence)).

To the extent that Mr. Cohen alleges violation of the Fourteenth Amendment, at the time of the alleged conduct, Defendant Busch was a federal employee.  The Fourteenth Amendment applies only to state violations.  *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954) (since the Fourteenth Amendment applies only to state action, discrimination by federal authorities may be brought as violations of the Due Process Clause of the Fifth Amendment).  "The Supreme Court has consistently applied the same standards to determine deprivation of liberty without due process under the fifth and the fourteenth amendments." *Doe v. U.S. Dept. of Justice*, 753 F.2d at 1105 n. 13 (citation omitted).  As Mr. Cohen fails to state a plausible claim for relief against Defendant Busch under the Fourteenth Amendment, his *Bivens* claim alleging violation of the Fourteenth Amendment is properly dismissed.

Mr. Cohen further alleges that Defendant Busch conspired to violate his constitutional rights.  (*See* SAPC (doc. # 12) at p. 22 of 28).  Civil conspiracy is defined as "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another; and an

overt act that results in damage." *Baker v. Smith*, 771 F. Supp. 1156, 1158 (D. Kan. 1991) (internal quotation marks and citation omitted).  Mr. Cohen fails to allege facts with sufficient specificity to suggest the existence of any of the elements of a conspiracy.  As Mr. Cohen has made nothing more than a conclusory and vague allegation of a conspiracy, his claim is properly dismissed for failure to state a claim upon which relief can be granted.  *See Merritt v. Hawk*, 153 F. Supp. 2d 1216, 1225 (D. Colo. 2001) ("[C]onclusory allegations that defendants acted in concert, or conspired without specific factual allegations to support such assertions are insufficient.") (internal quotation marks and citation omitted);  *Buckley v. Gomez*, 36 F. Supp. 2d 1216, 1221 (S.D. Cal. 1997) (Where a complaint contains merely conclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights, it must be dismissed.") (citations omitted).

As to Mr. Cohen's allegation that Defendant Busch refused to give his name or badge number, Mr. Cohen has not provided any legal basis that such a claim is constitutional in nature or cognizable under *Bivens.*  To the extent that Mr. Cohen alleges that Defendant Busch was negligent, "negligence claims against government agents are not cognizable under *Bivens*, . . . ."  *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001) (citations omitted).

8.      Qualified Immunity

Defendant Busch raises the defense of qualified immunity.  The Supreme Court has recognized a qualified immunity defense for *Bivens* claims against federal officials. *See Johnson v. Fankell*, 520 U.S. 911, 914 (1997).  In both § 1983 claims against state

officials and *Bivens* claims against federal officials, "officials performing discretionary function[s], generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 914-15 (internal quotation marks and citation omitted).  The "qualified immunity analysis is identical under" section 1983 and *Bivens* causes of action.  *Wilson v. Layne*, 526 U.S. 603, 609 (1999).  Whether a defendant is entitled to qualified immunity is a legal question.  *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 1229 (2008).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).  "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id.*

To the extent that the court recommends dismissal of all but Mr. Cohen's Fourth Amendment claim, Defendant Busch is entitled to qualified immunity from all of Mr. Cohen's claims except his Fourth Amendment claim.  To the extent that the court recommends denial of Defendant Busch's Motion to Dismiss Mr. Cohen's Fourth Amendment claim, the court determines that at this stage of the litigation, on a motion to dismiss, Defendant Busch is not entitled to qualified immunity.  "It has long been established that an arrest and search without probable cause that a crime has been

committed violates the Fourth Amendment." *Shroff v. Spellman*, ___ F.3d ___, 2010 WL 1767216 (10th Cir. 2010) (citing *Cortez v. McCauley*, 478 F.3d 1108, 1117 (10th Cir. 2007) ("The law was and is unambiguous: a government official must have probable cause to arrest an individual.").[4]  The "court must grant a police officer qualified immunity if a reasonable officer could have believed that probable cause existed to arrest the plaintiff." *Olsen v. Layton Hills Mall*, 312 F.3d at 1312 (internal quotation marks and citation omitted).  "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Id.* (internal quotation marks and citation omitted).  *See also Saucier v. Katz*, 533 U.S. 194, 201-02 (2001) (inquiry is whether "it would be clear to a reasonable officer that what he is doing violates that right").

Mr. Cohen alleges that Defendant Busch "illegally[,] wrongfully[,] and maliciously arrested Plaintiff in the office of Defendant [R]epresentative Henry Waxman at the Rayburn Office Building, Washington, District of Columbia on November 25th 2003 on a fabricated and false charge of '*making threats against a Congressman*.'" (*See* SAPC (doc. # 12) at p. 4 of 28 (emphasis in original); *see also* pp. 5, 6 of 28).  The court having concluded that Mr. Cohen adequately states a claim for violation of the Fourth Amendment based on his allegations that Defendant Busch arrested him without a warrant or probable cause, Defendant Busch has not demonstrated entitlement to qualified immunity on a motion to dismiss.  Because the right to be free from an arrest

---

[4]   Copies of unpublished decisions cited are attached to this Recommendation.

without probable cause was clearly established under the Fourth Amendment at the time and at this stage of the litigation Mr. Cohen's allegations are minimally sufficient to state a *Bivens* claim for violation of the Fourth Amendment for arrest without probable cause, Defendant Busch's Motion to Dismiss on the basis of qualified immunity on the Fourth Amendment claim is properly denied at this time.

III.     Mr. Cohen's Motion for Change of Venue

Mr. Cohen moves for change of venue to the United States District Court for the District of Columbia. (*See* Motion (# 85); *see also* Response (doc. # 89) at p. 5 of 38 ("To the extent that Plaintiff is unable to successfully argue against Defendant's claim of lack of jurisdiction in the attached Memorandum, Plaintiff asks for Change of Venue to US District Court for the District of Columbia.")).

"Congress enacted 28 U.S.C. § 1404(a) in 1948 to allow for the easy change of venue within a united federal system." *Knapp v. Romer*, 909 F. Supp. 810, 812 (D. Colo. 1995). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A party moving to transfer a case bears the burden of showing that the existing forum is inconvenient. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). A motion to transfer is within the discretion of the trial court and its action will be disturbed only when there has been an abuse of discretion. *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972).

A motion to transfer pursuant to § 1404(a) calls upon the district court to consider

a number of case-specific factors.  *See Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29

(1988) (motions for transfer must be adjudicated according to an "individualized, case-

by-case consideration of convenience and fairness") (internal quotation marks and

citation omitted).  Among the factors a district court should consider are:

> the plaintiff's choice of forum; the accessibility of witnesses and other
> sources of proof, including the availability of compulsory process to insure
> attendance of witnesses; the cost of making the necessary proof;
> questions as to the enforceability of a judgment if one is obtained; relative
> advantages and obstacles to a fair trial; difficulties that may arise from
> congested dockets; the possibility of the existence of questions arising in
> the area of conflict of laws; the advantage of having a local court
> determine questions of local law; and all other considerations of a practical
> nature that make a trial easy, expeditious and economical.

*Chrysler*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147

(10th Cir.1967)).  "Unless the balance is strongly in favor of the movant the plaintiff's

choice of forum should rarely be disturbed."  *William A. Smith Contracting Co.*, 467 F.2d

at 664.

Defendant Busch concedes that this action could have originally been brought in

the District Court for the District of Columbia.  It is undisputed that the incident giving

rise to the SAPC occurred in Washington, D.C. on November 25, 2003.  The primary, if

not the only, witnesses to the incident are Mr. Cohen and Defendant Busch.  Mr. Cohen

has not presented any specific grounds for a transfer of venue based on convenience or

fairness.  Mr. Cohen concedes that he originally filed this action in the District of

Colorado "because the plaintiff is incarcerated within the jurisdiction of this court. . . ."

Mr. Cohen remains incarcerated in the District of Colorado.  Defendant Busch currently

resides in Massachusetts.  There is no basis to question the enforceability of a

judgment obtained in the District of Colorado or to conclude that all of the parties cannot

obtain a fair trial in the District of Colorado. There is no evidence that the dockets are congested in the District of Colorado. The law to be applied in the case is federal law, which can be equally applied by the District Court in Colorado or the District Court in Washington, D.C. Mr. Cohen argues that "if the case is not transferred, the action will be time-barred." (*See* doc. # 85 at p. 2 of 3). The court has addressed Defendant Busch's statute of limitations argument in section II. B. 1. of this Recommendation, above. The balance of considerations is not in favor of transferring venue. In its discretion, the court finds that a transfer of venue would not be in the interest of justice and declines to transfer the action.

IV.     Mr. Cohen's Motion to Amend Complaint

Mr. Cohen moves to "amend section G of second amended complaint (SAC) to ask for jury trial and specific damages." (*See* doc. # 97 at p. 1 of 7). Motions to amend are committed to the trial court's discretion. *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). While Fed. R. Civ. P. 15 requires leave to amend be given freely, *see* Fed. R. Civ. P. 15(a)(2), a motion to amend may be denied because of "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Foman v. Davis,* 371 U.S. 178, 182 (1962). *See also Bauchman v. West High School,* 132 F.3d 542, 559 (10th Cir. 1997) (affirming district court's denial of motion to amend based on futility); *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) ("In determining whether to allow amendment of a complaint, the court typically considers several factors," such as undue prejudice, undue delay, bad

faith, or failure to state a claim) (citation omitted).

Mr. Cohen filed his initial Prisoner Complaint on or about October 9, 2008.  (*See* doc. # 3).  At the court's direction, Mr. Cohen filed his Amended Prisoner Complaint on October 31, 2008.  (*See* doc. # 6).  On December 22, 2008, the court permitted Mr. Cohen to again amend his pleading.  (*See* Courtroom Minutes/Minute Order (doc. # 11).  Mr. Cohen filed his SAPC on February 17, 2009.  Mr. Cohen seeks to amend his pleading more than one year after the court permitted him to file his SAPC.  Mr. Cohen offers no explanation for his failure to include these matters in his previous pleadings. "[A] litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend."  *Te-Moak Bands of Western Shoshone Indians of Nevada v. United States*, 948 F.2d 1258, 1261 (Fed. Cir. 1991) (internal quotation marks and citation omitted).  Mr. Cohen does not indicate that the information necessary to add these matters to his pleading was unavailable to him prior to the filing of his Motion to Amend on January 20, 2010.

The Tenth Circuit has "often found untimeliness alone a sufficient reason to deny leave to amend."  *See Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001) (internal quotation marks and citation omitted).

> A district court evaluates the reasons for the delay and assesses whether they amount to excusable neglect.  Untimeliness is sufficient cause for denying leave [to amend], especially when the movant offers no adequate explanation for the delay.  A district court may deny leave if the movant knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.

*Cuenca v. University of Kansas*, 205 F. Supp.2d 1226, 1230 (D. Kan. 2002) (internal quotation marks and citations omitted).  *See also First City Bank, N.A. v. Air Capitol*

*Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) (finding that trial court properly exercised its discretion in denying motion to amend where the moving party belatedly raised issues that should or could have been presented earlier).  *Cf. Wildauer v. Frederick County*, 993 F.2d 369, 371-72 (4th Cir. 1993) (motion to amend properly denied where plaintiff had access to necessary information as early as April 29, 1991, but did not file his motion to amend until July 17, 1991, after the deadline established in the scheduling order had passed).  The court concludes that Mr. Cohen's attempt to amend his pleading is untimely.

The court may also deny a motion to amend a complaint for failure to submit the proposed amendment.  *See Lambertson v. Utah Dept. of Corrections*, 79 F.3d 1024, 1029  (10th Cir. 1996) (district court did not abuse its discretion in denying plaintiff's motion to amend for failure to provide adequate explanation for delay in seeking amendment and for failure to provide a copy of the proposed amended pleading).  *See also Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984) (district court should have held motion to amend in abeyance pending submission of plaintiff's proposed amendment); *Bownes v. City of Gary, Indiana*, 112 F.R.D. 424, 425 (N.D. Ind. 1986) ("common sense" dictates that a party seeking leave to amend should accompany his motion with a copy of the proposed amended complaint); *Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981) (where plaintiff sought leave to amend, a copy of the proposed amended pleading must be attached to the motion).  While Mr. Cohen has cursorily described the amendments he seeks to allege, his intended amendments are not completely clear (*see* doc. # 97 at pp. 3-4 of 7) and he has not attached a copy of a complete proposed Amended Complaint.

Mr. Cohen's proposed Amendment is also futile.  Nothing in Mr. Cohen's proposed amendment alters the court's analysis and recommendation herein.  Further, the amendments Mr. Cohen seeks are unnecessary.  To the extent he seeks to amend to demand costs associated with his medical treatment, compensatory damages in a specific sum, and "[a]ll costs associated with this action, including reasonable attorneys' fees" (*see* doc. # 97 at p. 2 of 7), he has already requested such relief in his SAPC (*see* doc. # 12 at p. 15 of 28).  In any event, to the extent that Mr. Cohen seeks "reasonable attorneys' fees," he does not specify any legal authority for recovery of attorney fees in this case and as a *pro se* litigant, he is not entitled to attorney fees as he has not incurred any attorney fees.  *See Kay v. Ehrler*, 499 U.S. 432, 435-38 (1991) (pro se litigants are not entitled fees under 42 U.S.C. § 1988, the civil rights statute's attorney's fees provision);  *Pitts v. Vaughn*, 679 F.2d 311 (3d Cir. 1982) (pro se plaintiff alleging civil rights violations not entitled to attorney's fees under 42 U.S.C. § 1988(b));  *Cunningham v. F.B.I.*, 664 F.2d 383 (3d Cir. 1981) (pro se plaintiff proceeding under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E) not entitled to recover attorney's fees).  As for Mr. Cohen's request for "[t]rial by jury as to all issues so triable," Mr. Cohen may demand a jury trial without seeking to amend his pleading.  Fed. R. Civ. P. 38(b) provides in pertinent part:

> a party may demand a jury trial by (1) serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d).

"The 'last pleading directed to such issue' will generally be an answer or reply . . . and is determined on a claim by claim basis."  *In re Kaiser Steel Corp.*, 911 F.2d 380, 388

(10th Cir.1990) (citations omitted).  Here, the only operative pleading filed is Mr. Cohen's SAPC.  No Defendant has answered.  Mr. Cohen need not amend his pleading in order to make a jury demand.  Mr. Cohen's proposed amendment may also be properly denied as futile.  See  *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) (a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted);  *Schepp v. Fremont County*, 900 F.2d 1448, 1451 (10th Cir. 1990) (A motion to amend may be denied as futile "if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim.").

Accordingly, IT IS RECOMMENDED that:

1.      "Defendant Fred Busch's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6)" *either* be GRANTED pursuant to Fed. R. Civ. P. 12(b)(2) and this civil action be dismissed in its entirety for lack of personal jurisdiction over Defendant Busch *or alternatively* be GRANTED in part and DENIED in part pursuant to Fed. R. Civ. P. 12(b)(6) and all claims in the Second Amended Prisoner Complaint (doc. # 12) be dismissed *except* the Fourth Amendment claim for arrest without probable cause.

2.      Mr. Cohen's "Motion for Change of Venue" (filed December 21, 2009) (doc. # 85) be DENIED.

3.      Mr. Cohen's "Motion to Amend Complaint" (filed January 20, 2010) (doc. # 97) be DENIED.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122

(10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 10th day of May, 2010.

BY THE COURT:


    s/Craig B. Shaffer    
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No.   08-cv-02188-LTB-CBS

SOLOMON BEN-TOV COHEN

       Plaintiff,

v.

FRED BUSCH, Agent, U.S. Capitol Police,

       Defendant.

_____

**ORDER**

_____

In his thorough and comprehensive recommendation, the Magistrate Judge recommends that Defendant Fred Busch's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) (Doc 61) either be granted pursuant to Fed. R. Civ. P. 12(b)(2) and this civil action be dismissed in its entirety for lack of personal jurisdiction over Defendant Busch, or alternatively, be granted in part and denied in part pursuant to Fed. R. Civ. P. (12)(b)(6) and all claims in the Second Amended Prisoner Complaint (Doc 12) be dismissed except the Fourth Amendment Claim for Arrest Without Probable Cause.  The Magistrate Judge further recommends that Plaintiff's Motion for Change of Venue (Doc 85) be denied and his Motion to Amend Complaint (Doc 97) be denied.

The Plaintiff has filed no timely written objections to the Magistrate Judge's recommendations and therefore is barred from *de novo* review.  Defendant has filed his limited objection to the Magistrate Judge's recommendation contending that the Second Amended Complaint must be dismissed in his entirety for lack of personal jurisdiction.  I have therefore reviewed the recommendation *de novo* in light of the file and record in this

Appellate Case: 10-1283   Document: 26   Date Filed: 10/04/2010   Page: 80

case.  On *de novo* review, I conclude that pursuant to Fed. R. Civ. P. 12(b)(2), this action must be dismissed in its entirety for lack of personal jurisdiction over Defendant. Accordingly

IT IS ORDERED that Defendant Fred Busch's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) (Doc 61) is GRANTED and the action is DISMISSED IN ITS ENTIRETY.

IT IS FURTHER ORDERED that Plaintiff's Motion for Change of Venue (Doc 85) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint (Doc 97) is DENIED.

BY THE COURT:

s/Lewis T. Babcock
Lewis T. Babcock, Judge

DATED:   June 23, 2010